IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ANDREW W. JAMES,

            Plaintiff,

    v.

OREGON SANDBLASTING &
COATING, INC.,

            Defendant.

No. 3:15-cv-01706-HZ

OPINION & ORDER

John D. Burgess
Carl Lee Post
Daniel J. Snyder
LAW OFFICES OF DANIEL SNYDER
1000 SW Broadway, Suite 2400
Portland, OR 97205

    Attorneys for Plaintiff

Allyson S. Krueger
Alyssa R. Engelberg
DUNN CARNEY ALLEN HIGGINS & TONGUE, LLP
851 SW Sixth Avenue, Suite 1500
Portland, OR 97204

    Attorneys for Defendant

1 - OPINION & ORDER

HERNÁNDEZ, District Judge:

Plaintiff Andrew W. James moves to amend his complaint to add a claim for discrimination and retaliation under Oregon Revised Statute § (O.R.S.) 659A.230 to his employment discrimination case against Defendant Oregon Sandblasting & Coating, Inc. Because the proposed amendment is futile, the Court denies Plaintiff's motion.

## BACKGROUND

Plaintiff filed this case on September 9, 2015, bringing four claims against Defendant: (1) discrimination under the Americans with Disabilities Act (ADA); (2) retaliation under the ADA; (3) discrimination under the Oregon Rehabilitation Act; and (4) injured worker discrimination and retaliation under Oregon law. Compl., ECF 1. Plaintiff alleges that he was subjected to discrimination, disparate treatment, retaliation, and a hostile work environment because he is unable to read due to his disability of dyslexia. Id. at ¶¶ 9, 30, 46. He also alleges that Defendant failed to reasonably accommodate his disability and changed the terms and conditions of Plaintiff's employment because he invoked protections afforded to injured workers. Id. at ¶¶ 30, 46, 55-56.

On May 23, 2016, the Court held a Rule 16 Conference. In that conference, the Court ordered that the last day to add parties or amend pleadings would be June 23, 2016. Order, May 23, 2016, ECF 16.

On July 15, 2016, Plaintiff took the deposition of Jason Crawford, who is the president and part owner of Defendant and has the authority to hire and fire employees. Burgess Decl. ¶ 5, ECF 26. Jason Crawford's deposition included the following exchange:

> Q. Is Mr. James eligible for rehire?
> A. No.

2 - OPINION & ORDER

> Q. Why is that?
> A. He was a good worker but not a great worker. We have a good crew in place. I have no need for him. And that's it.
> Q. Okay. If there's a position that opens in sandblasting, would he be eligible for that position?
> A. I would not bring Andy James back to work at this point.
> Q. And why is that?
> A. Because he filed a lawsuit and I think he's lying and being dishonest in what he's doing.

Krueger Decl. Ex. 1 at 3, ECF 36-1.

The same day, Plaintiff took the deposition of Scott Crawford, Jason Crawford's father. Scott Crawford's deposition included the following exchange:

> Q. Okay. Is Mr. James eligible for rehire?
> A. You'd have to ask my son.
> Q. Okay. Is that because you don't have—you don't make those decisions anymore?
> A. I—Yes, that's true. I do not.
> A. Okay. So that decision would be your son's to make?
> A. Correct.

Krueger Decl. Ex. 2 at 2.

On August 4, 2016, eight days before dispositive motions were due, Plaintiff filed the present motion for leave to file an amended complaint. Plaintiff seeks to add a claim of "ORS Chapter 659A.230—Whistleblowing," alleging that he was discriminated against by being deemed not eligible for rehire because he filed this lawsuit.

## STANDARDS

Once a district court files a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16, and amending the pleadings would require modifying such scheduling order, a party must move to modify the scheduling order. The schedule "may be modified only for good cause and the judge's consent." Fed. R. Civ. P. 16(b)(4). Then, if "good cause" is shown, the

3 - OPINION & ORDER

party must demonstrate that amendment is proper under Rule 15. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607–08 (9th Cir. 1992).

Under Rule 15(a)(2), after a responsive pleading is filed, "a party may amend its pleading with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) prescribes that "[t]he court should freely give leave when justice so requires." Id. "'This policy is to be applied with extreme liberality.'" C.F. ex rel Farnan v. Capistrano Unified Sch. Dist., 654 F.3d 975, 985 (9th Cir. 2011) (quoting Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003)). However, "the liberality in granting leave to amend is subject to several limitations. Leave need not be granted where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay." Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) (citations omitted) (citing Leighton, 833 F.2d at 186; Foman v. Davis, 371 U.S. 178, 182 (1962)).

## DISCUSSION

Plaintiff does not request that the Court modify its scheduling order. Instead, he merely moves to amend his complaint. Accordingly, he fails to show "good cause." However, even if Plaintiff could show good cause to modify the scheduling order, his motion would fail because his proposed amendment to the complaint is futile. In other words, Plaintiff fails to make an adequate showing under Rule 16 or Rule 15.

Plaintiff's proposed amendment is futile for two reasons. First, O.R.S. 659A.230 applies only to employees, not former employees. Second, Plaintiff fails to allege that he suffered an adverse employment decision and thus, he fails to allege a *prima facie* case of retaliation.

### I.     O.R.S. 659A.230 does not apply to former employees.

Plaintiff's proposed claim for relief alleges that Defendant violated O.R.S. 659A.230, which provides, in relevant part:

> It is an unlawful employment practice for an employer to . . . retaliate **against an employee** with regard to . . . terms, conditions or privileges of employment for the reason that the employee . . . has in good faith brought a civil proceeding against an employer or has testified in good faith at a civil proceeding or criminal trial.

O.R.S. 659A.230 (emphasis added). The entirety of the claim that Plaintiff seeks to add to his complaint is as follows:

> 60. Plaintiff re-alleges all prior relevant paragraphs as if fully set forth herein.
>
> 61. Defendant discriminated and retaliated against Plaintiff by changing the terms and conditions of Plaintiff's employment. Defendant's actions violated ORS 659A.230, are an unlawful employment practice, and caused Plaintiff economic and non-economic damages.
>
> 62. Defendant's unlawful employment actions were taken against Plaintiff in substantial part because Plaintiff filed the instant lawsuit against Defendant.
>
> 63. Plaintiff is entitled to a declaration that Defendant violated ORS 659A.230.
>
> 64. Pursuant to ORS Chapter 659A and ORS 20.107, Plaintiff is entitled to recover Plaintiff's reasonable attorney's fees and costs, including expert witness fees.

Burgess Decl. Ex. A ("FAC"), at 12, ECF 26.

The parties appear to assume, without providing any legal authority, that O.R.S. 659A.230 applies to Plaintiff. The Court adopts Judge Simon's reasoning in Dunlap v. Liberty Natural Products and finds that it does not.[1] See Dunlap v. Liberty Nat. Prod., Inc., No. 3:12-CV-

---

[1] The Court acknowledges that in Hoy v. Yamhill County., 107 F. Supp. 3d 1078, 1101 (D. Or. 2015), it held that an employee could invoke the protection of O.R.S. 659A.230 for retaliatory actions that occurred after his employment ended. However, upon further review of O.A.R. 839-010-0100, the Court concludes that it erred in Hoy. While the Court correctly stated that Title VII of the Civil Rights Act generally provides guidance in interpreting the employment discrimination provisions of O.R.S. 659A,

01635-SI, 2013 WL 6177855, at *1 (D. Or. Nov. 25, 2013). In Dunlap, Judge Simon looked to Or. Admin. R. (O.A.R.) 839-010-0100, which implements O.R.S. 659A, for clarification on whether the term "employee," as used in the statute, includes former employees. Id. at *13. O.A.R. 839-010-0100 expressly states that three sections of O.R.S. 659A apply to "current, former, or any other employer's employee." See O.A.R. 839-010-0100(3),(4),(5). In contrast, the subsection of O.A.R. 839-010-0100 addressing the retaliation section of O.R.S. 659A at issue in Plaintiff's proposed claim, O.R.S. 659A.230, just uses the word "employee" by itself. See O.A.R. 839-010-0100(2). As Judge Simon explained:

> Validly promulgated administrative rules have the force of law. Haskins v. Emp't Dept., 965 P.2d 422 (Or. 1998) (en banc). "Administrative rules and regulations are to be regarded as legislative enactments having the same effect as if enacted by the legislature as part of the original statute." Bronson v. Moonen, 528 P.2d 82, 85–86 (Or. 1974) (en banc). In matters of interpretation, "the office of the judge is simply to ascertain and declare what is ... not to insert what has been omitted." Or. Rev. Stat. § 174.010.

Therefore, this Court will not insert the word "former" or the words "current or former" into O.R.S. 659A.230 or O.A.R. 839–010–0100(1). Plaintiff resigned in April of 2014 and filed his lawsuit over a year later. Because there is no dispute as to whether Plaintiff was an employee of Defendant when he initiated his lawsuit, Plaintiff is not protected by O.R.S. 659A.230.

## II.    Plaintiff fails to allege that he suffered an adverse employment decision.

Furthermore, even if Plaintiff could invoke the protection of O.R.S. 659A.230, his claim is futile because he fails to allege that he suffered an adverse employment decision. In order to establish a *prima facie* case of retaliation under 659A.230, Plaintiff must show (1) that he was engaging in a protected activity, (2) that he suffered an adverse employment decision, and (3)

---

here O.A.R. 839-010-0100 provides specific guidance as to whether O.R.S. 659A.230 applies to former employees.

that there was a causal link between the protected activity and the adverse employment decision. Siring v. Oregon State Bd. of Higher Educ. ex rel. E. Oregon Univ., 927 F. Supp. 2d 1030, 1061 (D. Or. 2012) (citing Brooks v. City of San Mateo, 229 F.3d 917, 928 (9th Cir. 2000)).

In a "failure-to-hire" context, the "'adverse employment decision' is the closing of the job opening to [him] and the loss of opportunity even to compete for the position." Ruggles v. California Polytechnic State Univ., 797 F.2d 782, 786 (9th Cir. 1986). Plaintiff does not need to demonstrate that he would have obtained the job; however, he must show that, because of his protected activity, he was not considered "for the position for which he applied." Brady v. California Hotel Corp., 110 F.3d 67 (9th Cir. 1997) (citing Ruggles, 797 F.2d at 786). Generally, a plaintiff must demonstrate that he, at a minimum, expressed interest in being hired for the job. Velez v. Janssen Ortho, LLC, 467 F.3d 802, 807 (1st Cir. 2006) (holding that an employer's failure to rehire employee, who only submitted an open ended letter requesting "any available job," did not constitute an adverse employment action); see also Hotchkiss v. CSK Auto Inc., 918 F. Supp. 2d 1108, 1126–27 (E.D. Wash. 2013) (even if the plaintiff did not formally apply for a position, he must show that he "made every reasonable attempt to convey to the employer his interest in a particular position"); Easterling v. Connecticut, 356 F. Supp. 2d 103, 107 (D. Conn. 2005) (no adverse action where "the undisputed facts show that [the plaintiff] failed to apply for *any* job with *any* employer, let alone any other state agency ...."). "If the employer's established practice is to hire for certain positions without requiring formal applications, then obviously plaintiff need not have formally applied to state a claim, so long as [he] availed (or would have availed) [him]self of the employer's established process." Marques v. Bank of Am., 59 F. Supp. 2d 1005, 1017–18 (N.D. Cal. 1999), aff'd sub nom. Marques v. Bank of Am. Nat.

Trust & Sav. Ass'n, 5 F. App'x 763 (9th Cir. 2001). However, an exception to this requirement exists "where discrimination is entrenched or pervasive and an application by a person in a protected category would be futile." Id. (citing Int'l Bhd. of Teamsters v. United States, 431 U.S. 324, 365 (1977) ("A consistently enforced discriminatory policy can surely deter job applications from those who are aware of it and are unwilling to subject themselves to the humiliation of explicit and certain rejection.").

Here, Plaintiff does not allege that he applied for any position with Defendant after he resigned in April of 2014. Plaintiff does not allege that he expressed any interest in a position with Defendant or that Defendant communicated to him that he was not eligible for rehire, such that he would have known that expressing interest in a job would be futile. Nor does Plaintiff allege that Defendant had a consistently enforced discriminatory policy that deterred him from applying for rehire.

Plaintiff alleges only that Defendant changed "the terms and conditions of Plaintiff's employment." FAC ¶ 61. Plaintiff alleges that these "unlawful employment actions" were taken against Plaintiff because Plaintiff filed this lawsuit. Id. at ¶ 62. Because this action was filed more than a year after Plaintiff's employment with Defendant ended, the Court fails to see how the filing of this lawsuit could form the basis of Defendant changing terms and conditions of Plaintiff's employment. Compare Compl. ¶ 25 (stating that Plaintiff resigned in April 2014) with Compl. at 1 (showing this lawsuit was filed in September of 2015).

Plaintiff cannot allege that he suffered damages due to being deemed ineligible for rehire, in the absence of any allegation that Plaintiff sought to be rehired. In sum, it would be futile to allow Plaintiff to amend his complaint as proposed.

## CONCLUSION

Plaintiff's Motion for Leave to File Amended Complaint/Petition [25] is DENIED.

IT IS SO ORDERED.

DATED this _25_ day of _September_, 2016.

_____
MARCO A. HERNÁNDEZ
United States District Judge